UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CLEVELAND BAKERS AND TEAMSTERS HEALTH & WELFARE FUND, individually and on behalf of others similarly situated, | ) ) ) ) ) ) |  |
| Plaintiff, | ) ) | Civil Action No. |
| v. | ) ) | 23-12575-FDS |
| AMAG PHARMACEUTICALS, INC.; COVIS GROUP S.À.R.L.; and COVIS PHARMA GMBH, | ) ) ) ) ) |  |
| Defendants. | ) ) |  |

## ORDER STAYING PROCEEDING

**SAYLOR, C.J.**

For the reasons explained below, the litigation in this case will be stayed pending the outcome of the appeal in *Humana Inc. v. Biogen Inc.*, No. 24-1012, before the United States Court of Appeals for the First Circuit.

The question presented on appeal in *Humana* is whether indirect purchasers have statutory standing to bring suit under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68. That is a dispositive, threshold question for the RICO and RICO conspiracy claims asserted by plaintiff in this case, an indirect purchaser seeking to represent a class of other indirect purchasers.

Plaintiff has requested that the stay apply only to the RICO and RICO conspiracy claims, and that defendants' motions to dismiss be decided as to its state-law claims. While it would be possible to take a bifurcated approach, that would likely be inefficient under the circumstances

presented here.  The presence or absence of RICO claims in this suit, as well as the potential reasoning of the Court of Appeals, could substantially affect a variety of issues present in this case.

For example, the presence or absence of federal-law claims in this case could affect the basis for the court's subject-matter jurisdiction.  Should the plaintiff be unable to maintain a RICO claim against the defendants, the court's jurisdiction to decide the state-law claims will depend either on the continued exercise of supplemental jurisdiction or on the exercise of jurisdiction under the Class Action Fairness Act ("CAFA").  *See* 28 U.S.C. §§ 1332(d), 1367.  And the exercise of CAFA jurisdiction requires, at a minimum, that the class allegations meet the statutory requirements.

The presence or absence of RICO claims could also affect whether the Court has personal jurisdiction over the Covis defendants.  Among the other issues raised in the Covis defendants' motion to dismiss for lack of personal jurisdiction is a dispute over whether the Court may exercise jurisdiction under the RICO jurisdiction provision.  *See* 18 U.S.C. § 1965(b).  The personal-jurisdiction issue may therefore turn on whether the RICO claims are viable.

The decision in *Humana* could likewise affect the causation analysis, as the indirect purchaser rule is closely linked to the issue of causation.  At a minimum, the reasoning of the *Humana* decision could affect how the Court analyzes that issue in both the federal and state claims.

Accordingly, under the circumstances, and for good cause shown, this matter is hereby STAYED pending further order of the Court.

**So Ordered.**

                                                  /s/ F. Dennis Saylor IV
                                                F. Dennis Saylor IV
                                                Chief Judge, United States District Court

Dated:  October 31, 2024